IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**STATE OF TENNESSEE v. TONY MEEKS**

**Direct Appeal from the Circuit Court for Coffee County**
**No. 32,527      L. Craig Johnson, Judge**

**No. M2015-01813-CCA-R3-CD – Filed August 22, 2016**

The appellant, Tony Meeks, filed a motion to correct an illegal sentence in the Coffee County Circuit Court pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily dismissed the motion, and the appellant appeals the ruling. Based upon our review of the record and the parties' briefs, we affirm the trial court's dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Tony Meeks, Manchester, Kentucky, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Charles Craig Northcott, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that the appellant committed several drug offenses in Coffee County in August 2002 and that he was arrested on March 6, 2003. On June 17, 2003, the Coffee County Grand Jury returned a true bill charging the appellant with count one, manufacturing a Schedule II controlled substance; count two, possession of drug paraphernalia; count three, possession of a Schedule II controlled substance with intent to sell or deliver; and count four, possession of a Schedule VI controlled substance. On

June 23, 2003, the trial court entered an order appointing counsel for the appellant and setting a trial date for August 5, 2003.

According to the appellant, he was released on bond after his arrest. A document in the technical record reflects that a bonding company surrendered him to the Coffee County Sheriff on July 18, 2003. On September 19, 2003, he pled guilty to count one, manufacturing a Schedule II controlled substance, a Class C felony, and received a five-year sentence as a Range I, standard offender with 119 days of pretrial jail credits. The remaining three counts were dismissed.

On January 10, 2005, the appellant filed a motion to correct a clerical error on the judgment pursuant to Rule 36, Tennessee Rules of Criminal Procedure, arguing that he was entitled to additional pretrial jail credits. The trial court found no error and denied the motion. More than ten years later, on April 23, 2015, the appellant filed a motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure, arguing that the trial court imposed an illegal sentence on September 19, 2003. Specifically, the appellant alleged that while he was out on bond for the offenses charged in this case, he was arrested in Grundy County and charged with possession of a Schedule II drug. The appellant further alleged that he again was released on bond and charged in Moore County with attempting to manufacture methamphetamine. On May 23, 2003, he received a sentence of two years, one month in Moore County for that offense. The appellant argued in his Rule 36.1 motion that his five-year sentence in Coffee County was illegal because he was required to serve it consecutively to the two-year, one-month sentence in Moore County pursuant to Rule 32(c)(3)(C) of the Tennessee Rules Criminal Procedure and Tennessee Code Annotated section 40-20-111(b). The appellant argued that because his sentence was illegal, he should be allowed to withdraw his guilty plea for manufacturing a Schedule II controlled substance.

The State moved to dismiss the appellant's motion to correct an illegal sentence. The State's motion to dismiss is not in the appellate record. However, in the appellant's response to the State's motion, he stated, "To dismiss the motion as the district attorney suggests because the sentence has been fully served would defy the logic of Rule 36.1. Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence "'at any time.'" The trial court found the State's motion to dismiss "to be well taken" and dismissed the appellant's motion without an evidentiary hearing.

## II. Analysis

On appeal, the appellant contends that the trial court erred by summarily dismissing his motion to correct an illegal sentence, maintaining that a defendant can challenge an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 "at

any time," even after the sentence has been fully served. The State argues that the trial court properly dismissed the appellant's motion. We agree with the State.

At the time the appellant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1, provided, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a) (2015). If a defendant's motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). "Rule 36.1 does not define 'colorable claim.'" State v. Wooden, 478 S.W.3d 585, 592 (Tenn. 2015). Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593.

The appellant asserts that pursuant to Rule 32(c)(3)(C), Tennessee Rules of Criminal Procedure, the trial court could not order that he serve the five-year sentence he received for manufacturing a Schedule II controlled substance concurrently with the two-year, one-month sentence he received for attempting to manufacture methamphetamine. Granted, Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandates consecutive sentencing when a defendant commits a felony while on bond for a felony and is convicted of both offenses. See also Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentencing when a defendant commits a felony while one bond for a felony and is convicted of both offenses). However, almost two months before the appellant filed his appellate brief in this case, our supreme court determined that Tennessee Rule of Criminal Procedure 36.1 did not authorize the correction of expired illegal sentences. State v. Brown, 479 S.W.3d 200, 205 (Tenn. 2015). Moreover, Rule 36.1 was recently amended to delete "at any time" and to add that "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a) (2016). Here, the record reflects that the appellant received his five-year sentence almost thirteen years ago. Therefore, the sentence expired well before he filed his Rule 36.1 motion, and the trial court did not err by summarily dismissing the motion.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____

NORMA MCGEE OGLE, JUDGE